UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Estrada, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Tri Point Homes, et al.,<br><br>    Defendants | Case No.: 2:23-cv-01878-JAD-BNW<br><br>**Order Granting Unopposed Motions to Dismiss with Leave to Amend by January 28, 2024**<br><br>[ECF Nos. 5, 8] |

  Pro se plaintiff Michael Estrada sues Tri Point Homes; HOA Collections, LLC; Ameri-Home Mortgage; Nicklin Community Management Services, LLC; and the Springs at Eldorado II Homeowners Association. Because his amended complaint,[1] which is the operative pleading in this case, contains no factual allegations whatsoever to put any defendant on notice of the basis of the claim or claims against them, and because it is unclear whether Estrada brings this action only on behalf of himself or also on behalf of Arawak Indigenous Indian Nation and Nubia National Trust Bank, Defendants Springs at Eldorado II Homeowners Association, Nicklin Community Management Services, LLC, and HOA Collections, LLC move to dismiss it.[2] The deadline to respond to the Springs/Nicklin motion was December 22, 2023, and any response to the HOA Collections motion was due three days later. But those deadlines passed without any response, leaving the motions unopposed. This court's Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to

---

[1] ECF No. 4.

[2] ECF No. 5 (Nicklin and Springs); ECF No. 8 (HOA Collections).

the granting of the motion." I apply this rule and deem the plaintiff's failure to respond to the motions to dismiss as his consent to granting the motion.

IT IS THEREFORE ORDERED that the motions to dismiss **[ECF Nos. 5, 8] are GRANTED.** And because the deficiencies in the complaint that compel dismissal for the moving defendants also require dismissal against the remaining defendants, IT IS FURTHER ORDERED that **THE AMENDED COMPLAINT IS DISMISSED IN ITS ENTIRETY against all defendants.**

However, Federal Rule of Civil Procedure 15 requires the court to freely grant leave to amend when justice requires. Because this court cannot yet tell whether the plaintiff can plead a colorable claim for relief, IT IS FURTHER ORDERED **that this dismissal is made with leave to amend. Estrada has until January 28, 2024, to file a second amended complaint if he can state the legal basis for his claim and the specific facts that give rise to that claim against any defendant.**

The filing must be titled "Second Amended Complaint," and it must be filed on the court's complaint form, which Estrada can find on the court's website at https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case. Estrada must also make it clear in this second amended complaint whether he is bringing this suit on behalf of himself only or on behalf of other plaintiffs, too. However, he is advised that a non-lawyer may not bring claims on behalf of entities or other people; only a lawyer can file a claim on behalf of someone else or on behalf of an entity. **If plaintiff does not file a proper second amended complaint by January 28, 2024, this case will be dismissed with prejudice and closed.**

_____
U.S. District Judge Jennifer A. Dorsey
December 28, 2023